**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**ERZHAN MELIS UULU** **PETITIONER**

**V.** **CASE NO. 2:26-CV-02150**

**HOBE RUNION, et. al** **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Petitioner Erzhan Melis Uulu's Petition for Writ of Habeas Corpus (Doc. 2). The Court issued an Order to Show Cause and for Production of Evidence (Doc. 16). The Government[1] timely filed its Response (Doc. 18), and Petitioner filed his Reply (Doc. 20). The Court then granted the Government additional time to provide the requested documents, including Forms I-220 and I-286.[2] For the reasons stated herein, the Petition is **GRANTED**.

## I. BACKGROUND[3]

Mr. Melis Uulu is a Kyrgyzstan native who crossed the United States-Mexico border at Tecate, California on July 14, 2024. (Doc. 18-3, p. 1). On the same day, he was issued a Notice to Appear ("NTA"), placed in removal proceedings, and released on his own recognizance pursuant to § 236 of the Immigration and Nationality Act. *Id.*; *see also* Doc. 22-7. His NTA charged that he was subject to removal pursuant to "212(a)(6)(A)(i)

---

[1] The Court will dismiss as moot the Petition as to Sheriff Hobe Runion. Therefore, when the Court uses "Respondents" or "Government" it is referring only to the federal officials named in the Petition.

[2] After reviewing the Petition, Response, and Reply, the Court concluded that there are no factual disputes that would have required an evidentiary hearing.

[3] Under 28 U.S.C. § 2248, the allegations in the Government's response which Petitioner does not dispute in his Reply are accepted as true.

of the Immigration and Nationality Act, as amended, in that [he] is an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id*. His removal hearing is scheduled for October 25, 2027. *Id*.

For the last two years, Mr. Melis Uulu has been living in Chicago with his wife and two daughters, the younger of whom is an American citizen. *See* Doc. 20-1, p. 2. He joined his wife's asylum application and received work authorization from the Department of Homeland Security. *See* Doc. 2-1, pp. 8, 10.

On September 19, 2026, Arkansas Highway Patrol pulled over and arrested Mr. Melis Uulu for violating Arkansas commercial vehicle laws. (Doc. 18-1, p. 2). He was then booked into Lawrence County Detention Center. *Id*. On September 20, ICE served a Form I-200 arrest warrant on Mr. Melis Uulu. The warrant ordered "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. 18-2). It listed that Mr. Melis Uulu is removable based on "the pendency of ongoing removal proceedings against the subject," biometric confirmation of his identity, and "statements made voluntarily." *Id*. That same day, he was put into Immigration and Customs Enforcement ("ICE") custody, transported to the Little Rock ICE office, and then transferred and booked into Sebastian County Detention Center under an ICE hold. (Doc. 18-1, p. 2; Doc. 14-1, p. 1).

The Petition was filed on September 21, 2026, while Mr. Melis Uulu was still detained within the Western District of Arkansas. *See* Doc. 14-1, p. 1.; Doc. 2. He was transferred out of Sebastian County Detention Center at 8:32 a.m. on September 22,

2026, less than twenty-four hours after his Petition was filed.[4] *See* Doc. 14-1, p. 1. Now, he is in an ICE facility in Louisiana.[5] According to the records the Government provided, Mr. Melis Uulu has not received a bond hearing since his re-detention.

## II. LEGAL STANDARD

A district court may grant habeas relief to individuals who are detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). This relief may also be granted to individuals challenging the legality of their immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517. The petitioner must show that his detention is unlawful by a preponderance of the evidence. *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025).

## III. DISCUSSION

In his Petition, Mr. Melis Uulu argues that 8 U.S.C. § 1226(a) governs his detention, not § 1225(b)(2)(A). He also alleges that his detention is unconstitutional because it violates the Fifth Amendment's Due Process Clause and the Suspension Clause. He seeks either immediate release or an individualized bond hearing. Respondent posits that Mr. Melis Uulu is properly detained under 8 U.S.C. § 1225(b)(2)(A). *See Avila v. Bondi,* 170 F.4th 1128, 1138 (8th Cir. 2026) (concluding noncitizen apprehended within the United States pursuant to § 1225(b)(2)(A) was subject to mandatory detention without

---

[4] This Court retains jurisdiction over the Petition despite Petitioner's transfer. *See Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981) (explaining that transfer does not destroy jurisdiction); *see also Abdiselan A.A. v. Bondi*, 2026 WL 161526 at *2 (D. Minn. Jan. 21, 2026) ("[W]hen Government-controlled transfers, like the one in this case are 'executed within hours of detention and before communication with counsel is possible' such conduct risk[s] defeating timely judicial review.") (citation modified).

[5] Petitioner is currently located at Jackson Parish Correctional Center. *See* https://locator.ice.gov/odls/ (last visited October 7, 2026).

bond). In his Reply, Mr. Melis Uulu argues that the Form I-200 (Doc. 18-2) provided by the Government in its Response shows that § 1226 governs his detention.

Section 1226 provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed." § 1226(a). The statute permits the Attorney General to detain the arrested alien or release him on bond or conditional parole. *Id.* "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Section 1225(b)(2)(A), as currently interpreted by the Eighth Circuit,[6] "mandates the detention of unadmitted aliens already present in the United States." *Avila*, 170 F.4th at 1136. Because Mr. Melis Uulu has never been admitted to the United States, the parties appear to agree he would be subject to mandatory detention under § 1225(b)(2)(A). *See* Doc. 20, p. 7.

The issue is that Respondent arrested Mr. Melis Uulu pursuant to a valid Form I-200 administrative warrant which was authorized based on § 236 of the Immigration and Nationality Act and codified at 8 U.S.C. § 1226. *See* 8 C.F.R. 236.1(b)(1) (permitting immigration officers to arrest an individual under the authority of the Form I-200 warrant

---

[6] Counter to nearly thirty years of Executive action and court interpretation of § 1225(b)(2)(A), the Eighth and Fifth Circuits concluded that the statute applies to non-citizens apprehended within the United States, mandating detention without a bond hearing. *See Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 498 (5th Cir. 2026); *Avila*, 170 F.4th at 1138 (Erickson, J., dissenting) (explaining that for the last twenty-nine years petitioner would have been entitled to a bond hearing). The remaining circuits have concluded it does not apply. *See, e.g.*, *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026). On October 1, 2026, the Supreme Court granted cert to resolve this statutory dispute. *See Rhoney v. Barbosa da Cunha,* No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

if the warrant is issued after an NTA). The Government has not explained the discrepancy between the justification for detention in its Response and the one in the Form I-200. Nor has it explained why the Court should suddenly accept the Government's new reason for detaining Mr. Melis Uulu.

To summarize, the Government released Mr. Melis Uulu on his own recognizance in 2024 pursuant to § 1226 (Doc. 22-7), arrested him two years later under that same statute after he had been living and working in the United States, but now, the Government argues § 1225(b)(2)(A) governs his detention; therefore, he is subject to mandatory detention.

The Court concedes that under *Avila*, § 1225(b)(2)(A) provides no opportunity for a bond hearing. However, *Avila* does not answer the issue presented before this Court. Unlike Mr. Melis Uulu, the petitioner in *Avila* was not arrested pursuant to a Form I-200 warrant. *See Avila*, 170 F.4th at 1132.

Here, the Court must determine whether a *post-hoc* rationalization for detention can deprive Mr. Melis Uulu of a right to a bond hearing to which he was otherwise entitled. The Court concludes it cannot. Instead, the Government is bound by its initial reason for detaining Mr. Melis Uulu. *See Motor Vehicle Mfr. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("[C]ourts may not accept [ ] *post-hoc* rationalizations for agency action. It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."); *see also Souleimane C. v. Blanche,* 2026 WL 1180075, at *4 (D. Minn. Apr. 30, 2026) (applying this principle outside the context of the Administrative Procedure Act).

The Court recognizes that the Eighth Circuit has not spoken on this matter, but the weight of authority[7] suggests that when the Government first justifies a noncitizen's detention under § 1226, it cannot later change its justification to avoid the discretionary detention framework of the statute. *See Souleimane*, 2026 WL 1180075, at *4 (granting petitioner a bond hearing where he was detained under § 1226); *Martha C.G.P. v. Blanche,* 2026 WL 1329577, at *2 (D. Minn. May 13, 2026); *Hector J.A.S. v. Shea*, 2026 WL 1243500, at *2 (D. Minn. May 6, 2026); *C. C. v. Blanche*, 2026 WL 2137334, at *4 (D. Minn. July 24, 2026); *Abdifatah M. A. v. Blanche*, 2026 WL 2410402, at *2 n.5 (D. Minn. Aug. 18, 2026); *Kevin J.R.M., v. Todd Blanche et. al*, 2026 WL 2230647, at *3 (D. Minn. July 17, 2026), report and recommendation adopted *sub nom. Kavin J.R.M. v. Blanche*, 2026 WL 2227793 (D. Minn. Aug. 3, 2026); *see also Mejia-Pina v. Bondi*, 824 F. Supp. 3d 267, 272–73 (E.D.N.Y. 2026); *cf. Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 969 (D. Minn. 2025), appeal dismissed sub nom. *Escalante v. Bondi*, 2025 WL 4698552 (8th Cir. Dec. 5, 2025) (concluding petitioner was detained under § 1226 where his Form I-286 so noted); *Yender Chirinos-Priona, v. Markwayne Mullin et. al*, 2026 WL 2455164, at *3 (D. Neb. Aug. 21, 2026) (concluding the government cannot "recategorize scores of immigrants who, like [Petitioner], were conditionally paroled under § 1226(a)(2)(B)").

Because the Court concludes that Mr. Melis Uulu is being detained under the discretionary detention scheme of § 1226(a), he is entitled to a bond hearing.[8] The Court

---

[7] The Court notes, however, that there is some disagreement among district courts in the Eighth Circuit. *See Venancio P.J. v. Blanche*, 2026 WL 1862252, at *2 (D. Minn. June 29, 2026) (concluding that a Form I-200 warrant "did not commit Respondents to detaining [petitioner] under § 1226" but granting the habeas petition on other grounds).

[8] Because the Court reached its decision on statutory grounds, there is no basis to reach the constitutional question.

recognizes that the petitioner typically bears the burden at a bond hearing. However, the unique circumstances of this case suggest the Government should bear the burden. *See Dambreville v. Noem*, 2026 WL 602174, at *5 (S.D. Iowa Jan. 12, 2026) ("When the Government seeks to continue detaining someone it previously released, fairness demands that the Government shoulder the burden of justifying that detention.").

Accordingly, Erzhan Melis Uulu's Petition for a Writ of Habeas Corpus (Doc. 2) is **GRANTED**. The Government is **ORDERED** to provide Mr. Melis Uulu with a bond hearing under § 1226(a) at which the Government bears the burden of justifying his continued detention by clear and convincing evidence no later than Friday, October 16, 2026. If the Government does not provide him with a hearing by October 16, 2026, as required by this Order, the Government is **ORDERED** to release him from detention immediately. No later than Monday, October 19, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Mr. Melis Uulu's release.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner Erzhan Melis Uulu's Petition (Doc. 2) is **GRANTED**, and Petitioner's Motion for Temporary Restraining Order (Doc. 10) is **DISMISSED AS MOOT**. Respondent Hobe Runion's request to dismiss the Petition as moot with respect to him (Doc. 14) is **GRANTED**. He shall be **TERMINATED** as a Respondent.

**IT IS SO ORDERED** on this 8th day of October, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE